UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA COWLEY DAVIS and
JONATHAN H. DAVIS,

   Plaintiffs,

v.

AWA COLLECTIONS *et al.*,

   Defendants.
_____/

Case No. 1:22-cv-483

Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiffs Lisa Cowley Davis and Jonathan H. Davis against defendants AWA Collections, Debt Recovery Solutions, Credit Control Services, Inc., Southwest Credit Systems, LP (named as "Southwest Credit Sys") ("SWC"), and Chattanooga Motors, LLC. Compl. (ECF No. 1).[1] The Court previously denied plaintiffs' applications for entry of default judgments against defendants Chattanooga Motors, LLC, SWC, and AWA Collections. *See* Order (ECF No. 19). Defendant Credit Control Services, Inc. has been dismissed. *See* Order (ECF No. 21); Amended Order (ECF No. 22). This matter is now before the Court on defendant SWC's motion to dismiss (ECF No. 17). The motion is unopposed.

  **I.**  **Plaintiffs' complaint**

Plaintiffs alleged that defendants violated "the Fair Credit Reporting Act and the Debt Collection Act" because they "have reported fraudulent information to all three credit bureaus." Compl. (ECF No. 1, PageID.7). Plaintiffs alleged that defendant SWC "have [sic]

---

[1] Plaintiff Lisa Cowley Davis resides in Vicksburg, Michigan, and plaintiff Jonathan H. Davis is an inmate at FCI McKean in Pennsylvania.

falsely stated that the plaintiffs Lisa Cowley Davis and her husband Jonathan H. Davis have a debt in the amount of $337.00 Account Number xxxxxxx on plaintiffs' credit report with all three credit agencies" and "has reported fraudulent and defamatory information on plaintiffs Lisa and Jonathan Davis' credit report in the form of a debt collection valued at $337.00." *Id*. at PageID.11. Plaintiffs alleged that SWC's claim "is not based off of a signed contract by either plaintiff nor any business conducted by either plaintiff directly or indirectly" and that this has caused plaintiffs harm, *e.g.*, "plaintiffs being prevented from obtaining new tradelines [sic] to being able to apply for favorable first time home buyers loans." *Id*. at PageID.12. SWC's actions "are in violation of the Fair Credit Reporting Act and the Debt Collection Act." *Id*. Plaintiffs seek injunctive relief, compensatory damages, and punitive damages. *Id*. at PageID.14-15.

## II. Discussion

Defendant SWC moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In its motion, SWC points out that plaintiffs' vague allegations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, fail to state a plausible claim under either statute. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In this regard, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *Id.* at 678.

Defendant's motion is unopposed. Plaintiffs did not file an opposing brief as required by the Court's rules. Specifically, W.D. Mich. LCivR 7.1(a) requires that "[a]ny party

opposing a written motion shall do so by filing and serving a brief conforming to these rules" and W.D. Mich. LCivR 7.2(c) requires that "[u]nless otherwise ordered, any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials."  A plaintiff's failure to file a response to a motion to dismiss is fatal to the plaintiff's position and deemed a waiver of opposition to the relief sought in the motion.  *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim for breach of fiduciary duty amounts to a forfeiture of that claim).  *See also*, *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (same); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (granting defendant's motion to dismiss where "Plaintiff fatally provides no opposition to Defendants' arguments") (citing *Scott*, *Notredan*, and *Humphrey*).  Accordingly, defendant SWC's motion do dismiss should be granted.

### III. RECOMMENDATION

For these reasons, I respectfully recommend that defendant SWC's motion to dismiss (ECF No. 17) be **GRANTED** and that SWC be **DISMISSED**.

Dated:  July 17, 2023                                          /s/ Ray Kent  
                                                               RAY KENT  
                                                               United States Magistrate Judge

3

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).